ROBERT CHARLES LAMONS,

    Movant,

vs.

                              **REPORT OF**
                              **MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,

    Respondent.
_____/

# I. Introduction

On **April 18, 2017,**[1] the movant submitted to this Court a *pro se* pleading requesting reconsideration of his sentence and leniency, in pertinent part, based on post-conviction rehabilitation. (Cv-DE#1). In this filing, he challenges the constitutionality of his convictions and sentences for conspiracy to obstruct, delay, and affect commerce by robbery and related offenses, entered following a guilty plea in **case no. 03-20906-Cr-Seitz.**

This Cause has been referred to the Undersigned for

_____

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). The movant here, however, has not dated nor has he executed this filing, much less under penalty of perjury. Therefore, he cannot take advantage of the mailbox rule for purposes of determining when the instant proceeding was filed.

consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C);
S.D.Fla. Local Rule 1(f) governing Magistrate Judges, S.D. Fla.
Admin. Order 2003-19; and, Rules 8 and 10 Governing Section 2255
Cases in the United States District Courts.

No order to show cause has been issued because, on the face of
the petition, it is evident the movant is entitled to no relief.
<u>See</u> Rule 4,[2] Rules Governing Section 2255 Proceedings. The Court
has reviewed the motion (Cv-DE#1), the Presentence Investigation
Report ("PSI"), Statement of Reasons ("SOR"), along with all
pertinent portions of the underlying criminal file, including the
sentencing transcript (Cr-DE#42).

## II. <u>Claim</u>

Construing the movant's arguments liberally as afforded *pro se*
litigants pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the
movant requests leniency and reconsideration of the lengthy
sentence imposed for his §924(c) violations. (DE#1). He requests
that the court reduce the remaining sentences so that he can be
immediately released from imprisonment and reintegrated into
society.

## III. <u>Discussion</u>

### A.  <u>Construed as a Motion to Vacate-28 U.S.C. §2255</u>

Because the movant appears to be collaterally attacking his

---

[2]Rule 4 of the Rules Governing Section 2255 Petitions, provides, in
pertinent part, that "[I]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the
judge must dismiss the petition and direct the clerk to notify the
petitioner...."

sentence, the Clerk opened the instant filing as one brought pursuant to 28 U.S.C. §2255. However, collateral review is not a substitute for direct appeal, and the grounds for collateral attack on final judgments, pursuant to §2255, are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). It is also well-established that a §2255 motion may not be a substitute for a direct appeal. Id. at 1232 (citing United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . "

The Eleventh Circuit promulgated a two-part inquiry that a district court must consider before determining whether a movant's claim is cognizable. First, a district court must find that "a defendant assert[ed] all available claims on direct appeal." Frady, 456 U.S. at 152; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). Second, a district court must consider whether the type of

relief the movant seeks is appropriate under Section 2255. This is because "[r]elief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232-33 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)(internal quotations omitted)).

If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. §2255. To obtain this relief on collateral review, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 166, 102 S.Ct. at 1584 (rejecting the plain error standard as not sufficiently deferential to a final judgment). Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). See also Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous"). As indicated by the discussion below, the motion and the files and records of the case conclusively show that movant is entitled to no relief, therefore, no evidentiary hearing is warranted.

In addition, the party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the §3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The Eleventh Circuit recognizes "that there is a range of reasonable sentences from which the district court may choose," and ordinarily expect a sentence within the defendant's advisory guideline range to be reasonable. Id.

Further, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation for a motion to vacate. Pursuant to 28 U.S.C. §2255(f), as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. §2255(f); see also, Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001); see also, Bousley v. United States, 523

U.S. 614 (1998)(new substantive <u>not</u> constitutional rule applies retroactively on collateral review, finding that the issue there was the product of statutory interpretation and not constitutional determinations that place particular conduct covered by a statute beyond the State's power to punish). The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the movant. <u>See</u> <u>e.g.</u>, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034 (9th Cir. 2005); <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).

Although movant initially filed a direct appeal, following the entry of judgment in **2004,** assigned appellate court, case no. 04-12672, the appeal was dismissed by order entered on **August 17, 2004**. Therefore, movant's conviction became final, at the latest, on **November 15, 2004**, when the 90-day period for seeking certiorari review expired.[3]

Movant had one year from the time his conviction became final on **November 15, 2004,** or **no later than November 15, 2005,** within which to timely file this federal habeas petition. <u>See</u> <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>see also</u>, <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008)(<u>citing</u> <u>Ferreira v. Sec'y, Dep't of Corr's</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be

---

[3]The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986); <u>accord</u>, <u>United States v. Kaufman</u>, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. <u>Sup.Ct.R</u>. 13; <u>see</u> <u>also</u>, <u>Close v. United States</u>, 336 F.3d 1283 (11th Cir. 2003).

calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **November 15, 2005.**

Over a year after his conviction became final and the one-year limitations period expired, the government filed a Rule 35 motion for downward departure based on substantial assistance. (Cr-DE#31). The motion was granted, and an Amended Judgment entered on **April 20, 2006**, reducing movant's total term of imprisonment by half. (Cr-DE#s37,41). No direct appeal was prosecuted. However, the amended judgment did not restart the one-year limitations period. The Eleventh Circuit has held that the reduction of a term of imprisonment, based on substantial assistance, has no impact, and therefore does not toll the limitations period for the filing of a defendant's motion to vacate. See Murphy v. United States, 634 F.3d 1303 (11th Cir. 2011)(citing Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438, 119 S.Ct. 755, 760, 142 L.Ed.2d 881 (1999)). Therefore, when construed as a §2255 motion, this filing is not timely, having been instituted over a decade later in 2017. (Cv-DE#1).

Section 2255 states that a federal prisoner in custody who claims the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States "or that the court was without jurisdiction to impose such sentence" may move the court for relief. 28 U.S.C. §2255(a). Even if movant had a viable jurisdictional challenge to his conviction and/or sentence, the Eleventh Circuit and other courts have held that nothing in the language of §2255 suggests that jurisdictional

challenges are exempt from the one-year limitations period. See Williams v. United States, 383 Fed.Appx. 927, 929-930 (11th Cir. 2010)(unpublished), *citing*, §2255(f). See also Barreto-Barreto v. United States, 551 F.3d 95, 100 (1st Cir. 2008).

In fact, the courts have held to the contrary, noting that §2255(f) explicitly states that the limitations period "will apply" to all motions made under §2255.[4] Williams, 383 Fed.Appx. at 929-930; Barreto-Barreto, 551 F.3d at 100. See also United States v. Hicks, 2009 WL 1620430, *1 (E.D.Mich. 2009)(indicating that federal courts have "uniformly rejected" contention that jurisdictional challenges are exempt from §2255 limitation period); United States v. Davis, 2007 WL 2177684, *2 (E.D.La. 2007)("Section 2255 explicitly states that post-conviction challenges to a federal court's jurisdiction are subject to AEDPA's one-year statute of limitations."); Hubert v. United States, 2006 WL 2404007, *6 (W.D.Ky. 2006)("§2255 does not exempt jurisdictional challenges from AEDPA's statute of limitation provisions"). Thus, construing movant's arguments liberally as afforded *pro se* litigants, he cannot circumvent the limitations period by challenging his criminal conviction on jurisdictional grounds or otherwise.

Although Movant's section 2255 motion is clearly untimely under §2255(f)(1) and (3), this does not, however, end the court's inquiry. In certain instances, the limitation period may run from the date on which the factual predicate of the claim or claims

---

[4]The courts have similarly held in habeas corpus cases filed pursuant to 28 U.S.C. §2254. See e.g., Davis v. Secretary, Dep't of Corrections, 2009 WL 4730548, *1 (M.D.Fla. 2009)("There is no exception under AEDPA's statute of limitation for a §2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); Johnson v. Jones, 2006 WL 2092601, *2 (M.D.Ala. 2006)(in response to petitioner's argument that jurisdictional defect in indictment is not governed by AEDPA period, declaring that "[n]either 28 U.S.C. §2244(d) nor federal case law ... makes such an exception for jurisdictional issues").

presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255(f)(4). <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000). <u>See also</u> <u>Shannon v. Newland</u>, 410 F.3d 1083, 1089 (9th Cir. 2005)(holding that an unrelated state court decision which established an abstract proposition of law helpful to petitioner's habeas claim did not constitute a "factual predicate" for purposes of triggering one-year period of limitations). In other words, the discovery of a new legal theory does not constitute a discoverable "fact" for purposes of §2255(f)(4). <u>See</u> <u>Barreto-Barreto</u>, 551 F.3d at 99 n.4 (finding that discovery of new legal theory does not constitute discoverable "fact" for purposes of §2255(f)(4)); <u>Owens v. Boyd</u>, 235 F.3d at 359. In this case, the factual predicate for the claim could have been discovered by movant well within the one-year federal limitations period. Movant offers nothing to suggest that the factual predicate was not discoverable until 2017.

Movant cannot demonstrate that he qualifies for equitable tolling in accordance with §2255(f)(4), which is a rare and extraordinary remedy. <u>See</u> <u>San Martin</u>, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland</u>, 560 U.S. 649 (citation and internal quotation marks omitted); <u>see also</u> <u>Diaz v. Sec'y for Dep't of Corr's</u>, 362 F.3d 698, 702 (11th Cir. 2004)(characterizing the equitable-tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence."(emphasis supplied)).

The extraordinary circumstances must be circumstances beyond

the petitioner's control. See <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. See <u>San Martin</u>, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." <u>Id</u>. (quotations omitted). For example, the Supreme Court has rejected the contention that counsel's mistake in miscalculating the federal limitations period entitles a petitioner to equitable tolling. See <u>Lawrence v. Florida</u>, 549 U.S. 327, 336–37, 127 S.Ct. 1079, 1088-89, 166 L.Ed.2d 924 (2007). Specifically, the Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." <u>Id</u>.

Next, in <u>Holland</u>, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling. 560 U.S. at 652. The defendant in <u>Holland</u> filed a *pro se* federal habeas petition after the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled. <u>Id</u>. at 635. In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney, Mr. Collins, communicated with him only three times, and each time only by letter. <u>Id</u>. at 63 5–36. During this time, Mr. Collins never met with him or updated him on the status of his case. <u>Id</u>. After Collins argued Holland's appeal before the state supreme court, Holland wrote him multiple letters regarding the importance of filing his federal habeas petition timely. <u>Id</u>. at 637–39. Despite Holland's attempts to communicate, Mr. Collins ultimately missed the filing deadline for his federal habeas petition. <u>Id</u>. at 638–39.

Once Holland learned-in the prison library, not from his attorney-that the Florida Supreme Court had already decided his case and the federal filing deadline had passed, he immediately filed his own *pro se* federal habeas petition. Id. at 639.

While the Supreme Court reiterated that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," it concluded that Holland had not presented such a "garden variety claim." 560 U.S. at 651-52 (internal quotation marks omitted). Rather, the facts of Holland's case presented "far more serious instances of attorney misconduct." Id. The Court found that, while Mr. Collins' failure to timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of Collins' failures:

> Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

Id. at 652. Further, during his state post-conviction proceedings, Holland had unsuccessfully sought to discharge his attorney, complaining to the Florida Supreme Court that there had been "a complete breakdown in communication," that counsel had "not kept

him updated on the status of his capital case," and that counsel had "abandoned" him. Id. at 636–37 (quotation marks and brackets omitted). The Court concluded that under the circumstances, Mr. Collins' misconduct may have constituted extraordinary circumstances warranting equitable tolling, and remanded the case for such a determination. Id. at 652.

Two years later, in Maples v. Thomas, ___ U.S. ____, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), the Supreme Court revisited the question of when attorney misconduct may rise to the level of "extraordinary circumstances beyond a [petitioner's] control," albeit in the context of what it takes to establish cause to excuse a state procedural bar to federal habeas relief. Id. at 924. In Maples, the petitioner, an Alabama death-row inmate, had been represented by two pro bono attorneys from a New York law firm and a local attorney recruited for the sole purpose of allowing the out-of-state attorneys to be admitted pro hac vice. Id. at 918–19. While Maples' state post-conviction petition was pending, the two New York attorneys left their law firm for positions that rendered them ineligible to continue to represent him. Id. at 919, 924. Neither attorney, however, notified Maples of his departure and resulting inability to represent Maples. Id. at 919. Nor did either of them ask the state trial court for leave to withdraw or move for substitution of counsel. Id. Without the assistance of his listed attorneys of record, Maples did not receive timely notice of the denial of his state post-conviction petition and, as a result, failed to timely appeal that ruling, which led to the procedural default of his claims in federal court. Id. at 920–21.

As a result, in Maples, the Supreme Court reaffirmed the general rule that, "under well-settled principles of agency law," a petitioner "bears the risk of negligent conduct on the part of

his [attorney]" and, for that reason, is ordinarily bound by counsel's failure to meet a filing deadline. _Id_. at 922 (quotation marks omitted). The Court held, however, that "[a] markedly different situation is presented ... when an attorney abandons his client without notice" and thereby "sever[s] the principal-agent relationship," at which point counsel's "acts or omissions ... cannot fairly be attributed to the client." _Id_. at 922-23 (quotation marks and brackets omitted). The Court concluded that counsel had abandoned Maples because, as a matter of both common sense and agency law principles, he was effectively "left without any functioning attorney of record" and had "been reduced to pro se status." _Id_. at 927.

The Eleventh Circuit, in _Cadet v. Fla. Dep't of Corr's_, 742 F.3d 473 (11th Cir. Jan. 31, 2014), considered _Holland_ and _Maples_, in determining the test for equitable tolling of the AEDPA's statute of limitations period, where a petitioner alleges the late filing was caused by his attorney's conduct. The Eleventh Circuit held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship, such as may have occurred in _Holland_, is required." _Cadet_, 742 F.3d at 481-82, at **8 (footnote omitted).

Unlike the situation in _Holland_, the circumstances in this case do not involve attorney misconduct. To the contrary, here he attempts to circumvent the limitations period by seeking resentencing in light of his post-conviction rehabilitation efforts. As noted previously, this challenge is not timely.

To the extent movant suggests that he is an unskilled layperson who has limited knowledge of the law and is, therefore,

entitled to liberal treatment, this argument also warrants no relief.[5] Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

The Eleventh Circuit has further held that a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion does not warrant equitable tolling of the limitations period. See Perez v. Florida, 519 Fed.Appx. 995, 997 (11th Cir. 2013)(quoting, Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required)); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. den'd, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations). As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

If he means to argue that equitable tolling of the limitations period is warranted in that the failure to review his challenges on

---

[5]As correctly maintained by movant, pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, contrary to movant's apparent belief, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

the merits will result in a fundamental miscarriage of justice, that claim also warrants no relief. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence, and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. See Taylor v. Sec'y, Dep't of Corr's, 230 Fed. Appx. 944, 945 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). But cf. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005)("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his §2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F .3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support equitable tolling of the limitation

period, notwithstanding, petitioner has failed to make a substantial showing of actual innocence.

Were "actual innocence" an exception to the application of the one-year limitations provisions of §2255, the Court would still be precluded from reviewing the claim presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. Id.; see also High v. Head, 209 F.3d 1257 (11 Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039(8 Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2 Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11 Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").

To be credible, a claim of actual innocence requires the movant to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence--that was not presented at trial." Schlup v. Delo, 513
U.S. at 324. All things considered, the evidence must undermine the
Court's confidence in the outcome of the trial. Id. at 316. No such
showing has been made here. Even if such an exception exists, the
movant has failed to make the requisite showing of actual innocence
that would support consideration of his untimely motion to vacate
on the merits. On the record before this court, no fundamental
miscarriage of justice will result by time-barring this federal
petition.

Movant has, therefore, not made the threshold showing of
actual innocence. In other words, movant has not presented
sufficient evidence to undermine the court's confidence in the
outcome of his criminal proceedings. See Milton v. Sec'y, Dep't of
Corr's, 347 Fed.Appx. 528, 531-532 (11th Cir. 2009)(unpublished)
(holding that affidavits proffered by pro se habeas petitioner were
insufficient to establish actual innocence of murder, as would
allegedly have created an exception to one-year limitations period,
because affidavits were presented more than ten years after murder
and eight years after petitioner's trial, the affiants were in most
cases aware of the alleged facts to which they attested before
petitioner's trial, the affidavits were either not new evidence or
were of questionable reliability, and none of the evidence negated
petitioner's confession or his taped conversation with the victim's
mother wherein he implicated another individual in the murder).

Alternatively, even on the merits, he is not entitled to the
relief requested. As the Chief Judge in this Court has made clear,
"creative captioning does not provide him [movant] a platform from
which to collaterally challenge his sentence," and instead appears
to be "indicative of a systematic attempt by petitioners around the
country to throw as much mud against the wall with the hope that

courts will sift through to see what sticks in order to relieve them of their sentences. Our Constitution commands no such inquiry." <u>See</u> <u>Buitrago v. United States</u>, 1:96-CR-00067-KMM, 2016 WL 4366486, at *3 (S.D. Fla. Aug. 16, 2016) (<u>citing</u> <u>Casado v. United States</u>, No. 1:99-CR-00125-KMM, 2016 WL 4196659, at *3 (S.D. Fla. Aug. 9, 2016)).

Like the petitioner in <u>Casado</u>, the movant here relies on <u>Holloway</u>,[6] seeking yet a further reduction to his sentence, and immediate release from custody. In that vein, he requests that the court "consider applying the rationale set out by Judge Gleeson in <u>United States v. Holloway</u>, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), that proposes that district courts have the discretion, upon the Government's request, to reduce a defendant's sentence in the interest of fairness 'even after all appeals and collateral attacks have been exhausted and there is neither a claim of innocence nor any defect in the conviction or sentence.'" <u>Casado v. United States</u>, 2016 WL 4196659, at *3. First, as found by the Chief Judge in <u>Casado</u>, although the district court recognized that movant's sentence was quite lengthy, the undersigned is not persuaded that, had the district court been apprised at the Rule 35 proceeding, of all of the movant's post-conviction rehabilitation efforts, the movant's sentence would have been reduced even further. Moreover,

---

[6]In <u>Holloway</u>, Judge Gleeson recognized the excessive nature of defendant Francois Holloway's mandatory minimum sentence of fifty-seven (57) years for three "stacked" convictions under 18 U.S.C. §924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of Holloway's three §924(c) convictions so Holloway could face a "more just resentencing. <u>Holloway</u>, 68 F. Supp. 3d at 314. Judge Gleeson's reasoned that the "stacking" of multiple offenses arising from the same case often results in a "manifestly unjust mandatory sentence with a disparate impact on black men." <u>Holloway v. United States</u>, No. 01-CV-1017, 2014 WL 1942923, at *2 (E.D.N.Y. May 14, 2014) ("Holloway deserved harsh punishment for his three robberies, but no one can reasonably contend that his mandatory sentence was not excessive."). The United States Attorney's Office, directed by Attorney General Loretta Lynch, eventually agreed to vacate two of the three §924(c) convictions, and the court proceeded to resentence Holloway on the remaining §924(c) count.

even now, there is nothing to suggest that the sentence imposed, even in light of all of the movant's arguments, would be reduced further, as will be detailed below.

As will be recalled, the government moved to reduced movant's sentence, pursuant to Rule 35, based on movant's substantial assistance. (Cr-DE#31). The court granted the motion, recognizing movant's assistance in a South Carolina case, and reduced movant's sentence by 50%, double the government's recommendation. (Cr-DE#41:2). In that regard, the court noted that "[G]iven the nature of Defendant's crimes, the Court **would not** have granted a greater reduction than the Court did for the substantial assistance in this case." (Id.) (emphasis added). Under these circumstances, even if the court had considered the <u>Holloway</u> opinion, and further considered movant's post-conviction rehabilitative efforts and familial situation, there is nothing to suggest that his sentence would have been less than the 426 months imprisonment imposed (one-half of 852 months previously imposed).

Like the defendant in <u>Casado</u>, although the movant here attempts to "paint the circumstances surrounding his sentencing as being similar to those that led Judge Gleeson to question the severity of Holloway's sentence, this Court is left with a different impression." <u>Casado</u>, <u>supra</u>. His good behavior over the past 14 years, while commendable, does not warrant a finding that the movant's sentence is unconstitutional. Further, there is nothing of record to suggest that his sentence is disproportionately severe when compared to other sentences received by defendants convicted of Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence. In fact, "the Supreme Court has long sanctioned prosecutors' decisions to seek the imposition of disparate sentences among individuals committing

similar offenses." <u>Casado</u>, <u>supra</u> (<u>citing</u> <u>e.g.</u>, <u>Williams v.</u>
<u>Illinois</u>, 399 U.S. 235, 243 (1970) ("The Constitution permits
qualitative differences in meting out punishment and there is no
requirement that two persons convicted of the same offense receive
identical sentences.")).

Further, "a prosecutor's central focus as a sovereign
representative 'in a criminal prosecution is not that it shall win
a case, but that justice shall be done.'" <u>Casado</u>, <u>supra</u> (<u>quoting</u>
<u>Berger v. United States</u>, 295 U.S. 78, 88 (1935)). Here, nothing
suggests that the Government failed to perform in its duty, nor
should the court be required to ask the government to consider
vacating any of the movant's convictions on the grounds that his
sentence is grossly disproportionate to the offenses charged,
because it is not. <u>See</u> <u>United States v. Vaughn</u>, 527 Fed.Appx. 826,
827 (11th Cir. 2013) ("The Supreme Court has upheld the
constitutionality of statutes that provide for mandatory sentences
of life imprisonment without the possibility of parole for adult
drug offenders.").

Alternatively, even if the movant is seeking a resentencing
only in light of his post-conviction rehabilitation efforts, which
include completion of numerous classes, and the fact that he has
remained infraction free, such arguments do not warrant the relief
requested. The law recognizes that courts have the discretion to
grant downward departures based on post-conviction, post-sentencing
rehabilitation efforts at resentencing. <u>United States v. Green</u>, 152
F.3d 1202 (9 Cir.1998) (per curiam); <u>United States v. Rhodes</u>, 145
F.3d 1375 (D.C. Cir.1998); <u>United States v. Core</u>, 125 F.3d 74 (2
Cir.1997); <u>United States v. Brock</u>, 108 F.3d 31 (4 Cir. 1997);
<u>United States v. Lloyd</u>, 484 F.Supp.2d 1232, 1240 & n.12 (S.D.Ala.
2007)(unpublished) (collecting cases in support of the holding).

Had the movant been granted resentencing, movant's post-conviction rehabilitation efforts would be considered by the court at resentencing. However, his arguments for a downward departure based on his alleged impeccable post-conviction and/or post-sentencing rehabilitation, and not violating the law, are not cognizable in this §2255 proceeding.

Under the totality of the circumstances present here, the movant's filing, when viewed as a §2255 motion is not only time-barred, but also devoid of merit. Consequently, relief is not warranted on the grounds raised herein.

## B. <u>Castro Safeguards</u>

Construing this pleading as a §2255 motion to vacate, and addressing it on the merits, would preclude the movant from properly filing a §2255 motion to vacate in the future, absent the requisite authorization to proceed with a successive petition.

Nevertheless, it is well settled that a federal court may recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis. <u>Castro v. United States</u>, 540 U.S. 375, 381–82, 124 S.Ct. 786, 791–92, 157 L.Ed.2d 778 (2003). Thus, because of substantial fairness concerns, federal petitioners are required to be warned of the consequences of having their criminal motions recharacterized as §2255, especially as a future federal habeas petition could be considered barred as a second or successive petition. <u>Id</u>.

In this case, because this filing seeks vacatur of the underlying sentence, it was opened by the Clerk as a motion to

vacate pursuant to 28 U.S.C. §2255. However, before the court rules on the merits of the motion, as discussed previously in this Report, in accordance with the safeguards of <u>Castro</u>, the movant is being advised herein about the consequences of recharacterizing this filing as a motion seeking relief pursuant to §2255.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The recharacterization of this criminal motion may result in the movant's first and only chance to seek relief pursuant to 28 U.S.C. §2255. It is unclear from his filing whether the movant intended to characterize this motion as one brought pursuant to 28 U.S.C. §2255 or not.

If, however, the movant does not wish for the filing to be so considered, in accordance with the dictates of <u>Castro</u>, the movant should so indicate in objections to this Report. In that event, the district courts should not recharacterize the instant filing as one made under §2255 and should enable the movant to dismiss the filing

22

rather than have it so characterized. <u>See</u>: <u>Castro v. United States</u>,
<u>supra</u>; <u>see also</u>, <u>Zelaya v. Sec'y, Fla. Dep't of Corr's</u>, ___ F.3d
___, 2015 WL 4998431 (11th Cir. 2015).

Notwithstanding movant's characterization of his pleading, the
challenges he seeks to advance in attacking his conviction and
sentence are ones more properly presented in a 28 U.S.C. §2255
motion. <u>See</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996);
<u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir. 1981).
Consequently, in compliance with the requirements of <u>Castro</u>[7], the
movant is advised that the court has recharacterized his pleading
as a motion to vacate pursuant to §2255. In further compliance with
<u>Castro</u>, the movant is also advised that, in objections to this
Report, he may object to and seek to withdraw the motion; or, he
may agree to its recharacterization as one brought pursuant to
§2255. The failure to do so, however, may result in dismissal with
prejudice of this filing.

## V. <u>Evidentiary Hearing</u>

To the extent the movant seeks an evidentiary hearing on his
claim, the motion should be denied. A hearing is not required on
patently frivolous claims or those which are based upon unsupported
generalizations or affirmatively contradicted by the record. <u>See</u>
<u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989),
<u>citing</u>, <u>Guerra v. United States</u>, 588 F.2d 519, 520-21 (5th Cir.
1979). As previously discussed in this Report, no evidentiary

---

[7]<u>See</u> <u>Castro v. United States</u>, 540 U.S. 375 (2003) (holding that a district
court may not recharacterize as a first §2255 motion a <u>pro</u> <u>se</u> litigant's filing
that did not previously bear that label, unless the Court first warns the <u>pro</u> <u>se</u>
litigant about the consequences of the recharacterization, thereby giving the
litigant an opportunity to contest the recharacterization, or to withdraw or
amend the motion). The Supreme Court reasoned that notification is necessary
because under the AEDPA a defendant may only file one motion to vacate, and
thereafter will be barred by the rule against successive motions.

hearing is required.

## VI. **Certificate of Appealability**

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A §2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2255 Rule 11(b).

However, "[A] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the movant has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at

485; <u>Edwards v. United States</u>, 114 F.3d 1083, 1084 (11th Cir. 1997). Consequently, issuance of a certificate of appealability is not warranted and should be denied int his case. Notwithstanding, if movant does not agree, he may bring this argument to the attention of the district judge in objections.

## VII. <u>Conclusion</u>

Based on the foregoing, it is therefore recommended that this filing, when construed and recharacterized as a motion to vacate, pursuant to 28 U.S.C. §2255, that it be dismissed as time-barred, and in the alternative, denied on the merits. However, in the event the movant objects to the recharacterization of his filing as one brought pursuant to 28 U.S.C. §2255, it is recommended that the motion be dismissed without prejudice. It is further recommended that a certificate of appealability be denied; and, the case be closed.

SIGNED this <u>27</u><sup>th</sup> day of April, 2017.

UNITED STATES MAGISTRATE JUDGE

cc:  Robert Charles Lamons, <u>Pro Se</u>
     Reg. No. 63391-004
     F.C.I. - Bennettsville
     Inmate Mail/Parcels
     P.O. Box 52020
     Bennettsville, SC 29512

     Noticing 2255 US Attorney
     Email: usafls-2255@usdoj.gov